UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROSA I. CATALAN,

       Plaintiff,

v.                              CASE NO. 8:17-cv-1425-T-30MAP

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

    Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of the Commissioner's decision denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI).[1] On appeal, Plaintiff argues the Administrative Law Judge (ALJ) failed to properly evaluate her fibromyalgia syndrome,[2] failed to evaluate the effect of each and every impairment and the combined effect of those impairments, erred in using as grounds for his decision expert vocational testimony based on a hypothetical question that failed to comprehensively described all of Plaintiff's impairments, failed to accord substantial weight to the opinion of her treating physician, failed to state with particularity the weight accorded each item of impairment evidence, and failed to articulate adequate reasons for discrediting Plaintiff's testimony regarding her subjective complaints. After considering the parties' briefs (docs. 12, 13) and the administrative

---

[1] The District Judge has referred this matter to me for a report and recommendation.

[2] Fibromyalgia is a chronic condition characterized by widespread pain in muscles, ligaments and tendons, as well as fatigue and multiple tender points- places on the body where slight pressure causes pain.  See www.mayoclinic.com.

record, the matter should be remanded for further administrative proceedings consistent with this opinion.

    *A.    Background*

Claimant Rosa Catalan was born on January 10, 1971, and was forty-five years old at the time of her ALJ hearing (R. 44-45). She has an associate degree in psychology and has previous work as a customer service representative, interpreter and child development specialist (R. 278-85). She alleges disability beginning March 11, 2011, and testified that she "had a lot of issues with chronic pain," which would not allow her to sit, and she was told by her doctors to get up every 15 to 20 minutes (R. 49). Plaintiff further testified that she had to take too much time off the phones to get up and walk, she missed a lot of work because of physical therapy, and was terminated in March of 2011 (R. 49-50). Although the ALJ found she suffers from rheumatoid arthritis, connective tissue disease, fibromyalgia, degenerative disc disease, trans-vaginal mesh complication, and obesity, he concluded she retains the residual functional capacity to perform light work including her past work as a customer service representative, interpreter, and child development specialist (R. 31-32). Plaintiff appealed, but the Appeals Council denied review (R. 1-6).[3] Plaintiff filed this action, and the case is now ripe for review.

    *B.    Standard of Review*

To be entitled to DIB and/or SSI, a claimant must be unable to engage "in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period

---

[3] Due to the Appeals Council's denial of review, the ALJ's decision marks the Commissioner's final decision on the matter.

of not less than 12 months." *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *See* 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Under this process, the Commissioner must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment(s) (*i.e.*, one that significantly limits her ability to perform work-related functions); (3) whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (4) considering the Commissioner's determination of claimant's RFC, whether the claimant can perform her past relevant work; and (5) if the claimant cannot perform the tasks required of her prior work, the ALJ must decide if the claimant can do other work in the national economy in view of her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert*, 482 U.S. 137, 142 (1987); 20 C.F.R. § 404.1520(f), (g); 20 C.F.R. § 416.920(f), (g).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The ALJ's factual findings are conclusive if "substantial evidence consisting of relevant evidence as a

reasonable person would accept as adequate to support a conclusion exists." *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citation and quotations omitted). The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066 (citations omitted); *Jamison v. Bowen*, 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

    C.    *Discussion*

Plaintiff argues that the ALJ's rationale for discounting the severity of Plaintiff's pain, symptoms and limitations secondary to fibromyalgia does not withstand scrutiny and his decision is not supported by substantial evidence. Specifically, Plaintiff contends that it is error for the ALJ to discount Plaintiff's allegations of severe, widespread body pain due to a lack of objective medical evidence because the Eleventh Circuit has established that symptoms of fibromyalgia are entirely subjective. Moreover, Plaintiff asserts that she has been diagnosed with fibromyalgia by four board-certified rheumatologists, and the ALJ should not substitute his opinion for that of the medical experts and apply his own standard for assessing chronic pain and fibromyalgia. (doc. 12 at 4-7).

Fibromyalgia is a unique impairment, and because of the unavailability of objective clinical tests, it is difficult to determine the severity of the condition and its impact on a claimant's ability to work. The Eleventh Circuit has observed:

> '[Fibromyalgia's] cause or causes are unknown, there is no cure, and, of greatest importance to disability law, its symptoms are entirely subjective. There are no laboratory tests for the presence or severity of fibromyalgia.' *Sarchet v. Chater*, 78

>F.3d 305, 306 (7th Cir. 1996).  Thus, a treating physician's determination that a patient is disabled due to fibromyalgia is even more valuable because there are no objective signs of severity and the physician must interpret the data for the reader.

*Stewart v. Apfel*, 245 F.3d 793, 2000 U.S. App. Lexis 33214 (11th Cir. Dec. 20, 2000)(unpublished decision)(citation omitted).  By definition, Plaintiff's fibromyalgia significantly limits her physical and mental ability to do basic work activities.  *See* 20 C.F.R. §416.921.

Per the American College of Rheumatology, "[f]ibromyalgia is a clinical syndrome defined by chronic widespread muscular pain, fatigue and tenderness … Unfortunately, there are no what are called 'objective markers' – evidence on X-rays, blood tests or muscle biopsies for this condition, so patients have to be diagnosed based on the symptoms they are experiencing."[4]  This circuit recognizes this science and requires an ALJ to support any rejection of a claimant's pain complaints with acceptable evidence.  *Moore v. Barnhart,* 405 F.3d 1208, 1211-1212 (11th Cir. 2005) (although fibromyalgia lacks objective signs, substantial evidence supported the ALJ's findings that the daily activities of a Plaintiff who suffered from fibromyalgia were inconsistent with her pain testimony).

Social Security Ruling 12-2p, effective July 25, 2012, recognizes that subjective complaints are the "essential diagnostic tool" for fibromyalgia and physical examinations will usually yield normal results– a full range of motion, no joint swelling, as well as normal muscle strength and neurological reactions.  Thus, SSR 12-2p instructs that fibromyalgia must be considered in the five-step sequential evaluation process and instructs an ALJ on how to develop evidence and assess fibromyalgia in determining whether it is disabling.  SSR 12-2p states that when making an RFC determination, an ALJ should "consider a longitudinal record whenever possible because the symptoms of [fibromyalgia] can wax and wane so that a person may have 'good days and bad days'"

---

[4] www.rheumatology.org/public/factsheets/diseases_and_conditions/fibromyalgia.asp

SSR 12-2p, 2012 WL 3104869 (2012). Additionally, when determining whether a claimant is capable of doing any past relevant work or other work that exists in significant numbers in the national economy, SSR 12-2p instructs an ALJ to consider widespread pain or other symptoms associated with fibromyalgia (such as fatigue) and to "be alert to the possibility that there may be exertional or nonexertional limitations, such as postural or environmental limitations, that may impact the analysis." *Id.* Unfortunately, the ALJ's failure to sufficiently consider or discuss these hallmarks of fibromyalgia when he evaluated Plaintiff's subjective complaints and when he determined her RFC is an error requiring remand.

Here, the ALJ did not dispute the Plaintiff's fibromyalgia diagnosis and concluded it was a severe impairment (R. 23). Moreover, he found the Plaintiff's medically determinable impairments, including fibromyalgia, could reasonably be expected to produce the alleged symptoms (R. 27). The ALJ, however, did not adequately consider 20 C.F.R. § 404.1529(c)(3)'s criteria as it relates to her fibromyalgia or SSR 12-2p's framework for evaluating fibromyalgia when discounting Plaintiff's statements regarding the intensity, persistence and limiting effects of her symptoms. *See Janeda v. Commissioner*, No. 2:16-cv-803-FtM-MRM, 2018 WL 1282313 (M.D. Fla. Mar. 3, 2018) (remanding where ALJ erred by failing to consider plaintiff's fibromyalgia pursuant to SSR 12-2p and may have erred in evaluating her fibromyalgia); *Morgan v. Commissioner,* No. 8:14-cv-305-T-DNF, 2015 WL 1311062 (M.D. Fla. Mar. 24, 2015) (remanding where ALJ failed to mention or follow SSR 12-2p's criteria concerning fibromyalgia). In failing to follow (or even refer to) SSR 12-2p, the ALJ instead found that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record" (R. 27). When asserting that the medical evidence is not entirely consistent

with the alleged limitations, the ALJ points to a normal x-ray of Plaintiff's hand, generally normal upper extremities during clinical examinations, a normal gait, and negative imaging of her feet and knees (R. 30). These considerations, however, do not comport with SSR 12-2's recognition that physical examinations will usually yield normal results, *e.g.*, a full range of motion, no joint swelling, as well as normal muscle strength and neurological reactions. The ALJ also found that the claimant's activities of daily life were inconsistent with the extent of the claimant's alleged limitations (R. 30).  The inconsistencies, however, are less remarkable when viewed in light of the longitudinal record and when considering the fact that the symptoms of fibromyalgia can wax and wane so that a person may have "good days and bad days." These statements by the ALJ demonstrate the ALJ's failure to follow SSR 12-2p's critical framework.  In addition, the ALJ failed to properly evaluate the medical and opinion evidence from four board-certified rheumatologists and her treating physician, Dr. Stuart Helms, which consistently document pain, tenderness, fatigue, and inability to function as well as inconsistent relief from an array of medications, in light of SSR 12-2 (R. 370-1040).

    *C. Conclusion*

As in *Janeda* and *Morgan*, I am unable to determine whether the ALJ's ultimate disability determination is supported by substantial evidence because he failed to consider Plaintiff's fibromyalgia according to the criterion set forth in SSR 12-2p. Given the circuit's holding in *Moore* and the framework of SSR 12-2p, normal physical examination results and Plaintiff's ability to minimally and intermittently participate in some daily activities, standing alone, cannot justify the rejection of her pain account. *Moore,* 405 F.3d at 1211-12.  Because I find remand appropriate, it is unnecessary to address Plaintiff's remaining contentions. For the reasons stated, it is hereby

RECOMMENDED:

1. That the Commissioner's decision be reversed, and the matter be remanded under sentence four of 42 U.S.C. §405(g) for further proceedings consistent with this report.

IT IS SO REPORTED at Tampa, Florida on August 9, 2018.

_____
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.